LORIN M. KOHN ET AL., PARTNERS, ETC., TRADING AS KOHN & COMPANY, v. RICHARD COE.

Argued October 7, 1925—Decided March 24, 1926.

**Contracts—Sale of Corporate Stock—Defendant's Counter-claim —Plaintiff Contended That Transaction was That of Principal and Broker; Defendant, That it was One of Purchase and Sale—Held, it was Error to Charge That the Transaction was One of Purchase and Sale, the Transaction was a Disputed Question of Fact to be Submitted to Jury.**

On plaintiff's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *Cohn & Cohn.*

*Contra, Aaron Lasser.*

PER CURIAM.

In September, 1922, the defendant purchased stock in the St. Lawrence Feldspar Company, for which he made a cash payment of $2,631.25. Under date of November 1st, 1923, defendant executed and delivered to plaintiff three promissory notes—one for $1,000, payable three months after date; one for $631.25, payable four months after date, and the third, for $1,000, payable six months after date. On April 23d, 1924, suit was brought by plaintiff upon the two notes of $631.25 and $1,000, which had at that time become due and were unpaid. Defendant answering admitted the execution of the notes, but denied that any sum was or remained due thereon; that plaintiff had agreed to deliver to him five hundred share of said stock and an additional five hundred shares for the sum of $5,262.50 upon account of which defendant had paid $2,631.25; that five hundred shares of the total number before mentioned would be delivered by plaintiff to defendant on November 1st, 1923, and defendant at such time should have the option of accepting the five hundred shares without further payment, or require the delivery of one thousand shares upon a further payment of $2,631.25; that defendant exercised his option to accept five hundred shares and plaintiff refused to make delivery thereof; that, subsequently, plaintiff represented that the St. Lawrence Feldspar Company was a going concern and that its stock was of great value and induced the defendant to take the one thousand shares, and that, relying upon such representations and the promise of plaintiff to deliver the five hundred shares and the five hundred additional shares, the defendant, on January 2d, 1924, executed and delivered the before-mentioned three notes, all of which were dated November 1st, 1923; that said St. Lawrence Feldspar Company was not of the financial condition as represented, and plaintiff did not deliver the one thousand shares as agreed; that on September 14th, 1922, when defendant agreed to purchase said stock, it was agreed that upon the payment of the purchase price of the plaintiff would deliver five hundred shares as a premium in addition to the five hundred shares purchased, and

that defendant has offered to pay the balance of such purchase price, but plaintiff has refused to deliver the five hundred shares purchased or the five hundred premium shares.

By way of counter-claim defendant pleaded the alleged breaches of contract on the part of the plaintiff above set forth, and that for such breach and failure to deliver the stock the defendant sought recovery of the amount paid by him $2,631.25, and interest. To the answer and counter-claim plaintiff replied, denying every allegation.

At the trial the plaintiff undertook to show that the transaction was that of principal and broker by which plaintiff purchased five hundred share of the stock for defendant's account, the latter paying one-half the purchase price and plaintiff holding the stock purchased as security for the balance of the purchase price, and that the three notes, of which the notes in suit were two, were given for the balance, the plaintiff still holding the stock as security until the payment of the notes.

The defendant contended that the transaction was one of purchase and sale, and that the notes were given for the balance of the purchase price upon the agreement that one thousand shares would be delivered to defendant, January 3d, 1923, the day succeeding the delivery of the notes.

The trial judge in his charge to the jury instructed them that the transaction was that of purchase and sale, and, as plaintiff had not delivered or tendered a delivery of the stock, they could not have a recovery upon the two notes in suit, but that in that respect the verdict must be in favor of the defendant.

The result of the trial of the issue was a verdict in favor of the defendant for $2,839.12, being the sum of $2,631.25 paid on account of the stock and interest thereon.

The plaintiff has a rule to show cause why the verdict should not be set aside and a *venire de novo* awarded.

We conclude there was error in charging that the transaction was one of sale and purchase, and that the right of defendant to recover upon his counter-claim was that of demand for and failure to deliver the stock.

What the transaction was, was a disputed question of fact to be submitted to the jury for determination under proper instructions.

If the facts found were as alleged by the plaintiff, it was a brokerage transaction and not a sale, and if the facts found were as the defendant insisted, then it was an agreement to deliver stock upon the delivery of the notes; and failure to deliver was a breach of the agreement entitling defendant to rescind and recover back the price paid.

The rule to show cause is therefore made absolute, and a *venire de novo* is directed.